UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAM SMITH #241580, III,

       Plaintiff,

                                     File No. 2:10-CV-235

v.

                                     HON. ROBERT HOLMES BELL

UNKNOWN EYKE, et al.,

       Defendants.

_____ /

**O P I N I O N**

Following a jury trial held on March 4 and 5, 2013, judgment was entered in favor of

Plaintiff Sam Smith III on his claims that Defendant Kathy Olson retaliated against him in

violation of his First Amendment rights and was deliberately indifferent to a serious risk of

physical injury to him in violation of his Eighth Amendment rights.  (Dkt. Nos. 108-109.)

The jury awarded Plaintiff one dollar in nominal damages for each of the two claims.  (Dkt.

No. 108.)  On March 25, 2013, Plaintiff filed a motion for a new trial on the issue of damages

(Dkt. No. 110) and a motion for a bill of costs (Dkt. No. 112).

**A. Motion for New Trial**

"The court may, on motion, grant a new trial on all or some of the issues . . . after a

jury trial, for any reason for which a new trial has heretofore been granted in an action at law

in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A).  Plaintiff contends that a new trial is

warranted because the jury's award of only nominal damages was contrary to the verdict and

against the great weight of the evidence, and because the jury instructions erroneously failed to state that damages could be awarded for loss of liberty and loss of family relations and erroneously failed to state that emotional damages could be awarded for physical injury in the form of sexual abuse.

"The scope of review of a damage award is extremely narrow." *Walker v. Bain*, 257 F.3d 660, 674 (6th Cir. 2001). "A trial court may not grant a new trial on the ground of insufficient damages unless the jury verdict is one that could not reasonably have been reached." *Id.* (citing *Anchor v. O'Toole*, 94 F.3d 1014, 1021 (6th Cir. 1996); *TCP Indus., Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 546 (6th Cir. 1981)). "The remedy of a new trial for inadequate damages is appropriate only where the evidence indicates that the jury awarded damages in an amount substantially less than unquestionably proved by the plaintiff's uncontradicted and undisputed evidence." *Id.*

### 1. Loss of Liberty/Family Relations

Plaintiff seeks to recover damages for "loss of liberty" and "loss of family relations" resulting from his time unnecessarily spent in segregation and at a higher security facility. According to the Prisoner Litigation Reform Act (PLRA), which was quoted in the jury instructions, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).[1] Because Plaintiff has not shown

---

[1]The Sixth Circuit has never explicitly ruled that the PLRA applies to constitutional claims. However, as this Court has previously concluded, "the Sixth Circuit is likely to follow

a physical injury resulting from the retaliation or deliberate indifference, he is precluded from recovering damages for "loss of liberty" or "loss of family relations" if they are properly considered emotional injuries.

Plaintiff contends that such injuries are non-emotional, an issue which has not been addressed by the Sixth Circuit.[2]   For the circuits which have reached the issue, there is no consensus.  *Compare Mitchell v. Horn*, 318 F.3d 523, 534 n.10 (3d Cir. 2003) ("We also observe that, apart from his claims for mental injury, Mitchell seeks damages for loss of 'status, custody level and any chance at commutation.' These requests—unrelated to mental injury—are not affected by § 1997e(e)'s requirements.") *with Royal v. Kautzky*, 375 F.3d 720, 722-24 (8th Cir. 2004) (affirming the district court's assessment of nominal damages on the plaintiff's retaliation claim and overruling the plaintiff's objection that his claim for "damages for each day he wrongfully spent in segregation, a loss of liberty injury" regarded a non-emotional injury).

The Court finds *Royal* persuasive.  While nominal damages, punitive damages, injunctive relief, and declaratory relief are available to inmates prevailing on constitutional

---

the majority of circuits in holding that § 1997e(e) applies to all prisoner claims, including First Amendment claims." *Swackhammer v. Goodspeed*, No. 4:03–CV–82, 2009 WL 189854, at *2 (W.D. Mich. Jan. 26, 2009) (Bell, J.).

[2]Despite Plaintiff's argument to the contrary, *Bell v. Johnson*, 404 F.3d 997 (6th Cir. 2005), did not address whether a loss of liberty was a non-emotional injury for which damages could be recovered by inmates who had not suffered physical injuries.  While compensatory damages were awarded in this case, they were for the stealing of legal materials and medical snacks from the plaintiff's cell.  Moreover, *Bell* was a suit by a *former* inmate so the PLRA was not implicated.

claims who do not prove physical injury, *Swackhammer*, 2009 WL 189854 at \*2, such

plaintiffs "may not recover some indescribable and indefinite damage allegedly arising from

a violation of [their] constitutional rights." *Royal*, 375 F.3d at 724. The Court finds that the

loss of liberty resulting from time in segregation and time at a higher-security facility and the

loss of family contact as a result of that loss of liberty are indescribable and indefinite

injuries that are best characterized as emotional/mental injuries. This is consistent with

previous Western District of Michigan decisions. *See King v. Zamiara*, No. 4:02–CV–141,

2013 WL 2102655, at \*3 (W.D. Mich. May 14, 2013) (Bell, J.) ("To the extent King

complains that the [retaliatory] transfer [from a Level II to a Level III facility] resulted in a

loss of personal freedom, the losses are a mental or emotional injury for which no damages

are permitted because no physical injury has been shown.") (citing *Williams v. Brown*, 347

F. App'x 429, 435 (11th Cir. 2009));[3] *Hanserd v. Vashaw*, No. 1:12–cv–580, 2012 WL

4057267, at \*4 (W.D. Mich. Sept. 14, 2010) (Neff, J.) (noting that despite Plaintiff seeking,

inter alia, compensatory damages of $175 for each day that he was held in segregation,

"Plaintiff cannot bring an Eighth Amendment claim for emotional or mental damages

---

[3]*King* did find that one injury resulting from such a loss of freedom – the negative impact
on King's ability to obtain affidavits and declarations for use in separate litigation – was
compensable. 2013 WL 2102655 at \*3. The Court recognizes that Plaintiff presented a similar
argument at trial: namely, that he was unable to challenge the termination of his parental rights
over his child because of his transfer to a higher security facility which lacked family law
materials. However, while the jury *could* have found that such an injury occurred and that it was
non-emotional and compensable, given the limited testimony on the matter the Court cannot
conclude that such a non-emotional injury was "unquestionably proved" by Plaintiff or that the
jury verdict awarding only nominal damages was "one that could not reasonably have been
reached." *Walker*, 257 F.3d at 674.

because he does not allege a physical injury").

Consequently, the Court concludes that a new trial on damages because Plaintiff was not awarded "loss of liberty" or "loss of family relations" damages is unwarranted.  It further finds that it was not erroneous for the jury instructions to fail to instruct the jury that it could award damages for the loss of liberty or loss of family relations.

### 2. Punitive Damages

Plaintiff also argues that it was contradictory for the jury to award a verdict in his favor on the Eighth Amendment claim but not award him punitive damages.  He again relies on *Bell v. Johnson*, in which the Sixth Circuit affirmed the district court's decision to grant a new trial on damages as a result of the jury's failure to award punitive damages.  404 F.3d 997.  The Sixth Circuit agreed with the district court that the jury's determination that the defendant retaliated against the plaintiff in violation of his First Amendment rights was in conflict with the jury's answer on the verdict form that the defendant did *not* act wantonly or oppressively to violate the plaintiff's right not to be retaliated against.  *Id.* at 1003. Plaintiff also relies on Supreme Court precedent, correctly noting that the deliberate indifference standard of an Eighth Amendment claim has been found the equivalent of reckless indifference, the standard used by this Court for punitive damages.  *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994) ("It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.").

In light of *Bell* and *Farmer*, if the jury in this case found that Defendant was *deliberately* indifferent to Plaintiff's rights but that Defendant was not *recklessly* indifferent to Plaintiff's rights, a new trial on damages might be warranted.  However, there is no evidence that the jury reached these contradictory conclusions.  While the jury affirmatively concluded that Defendant was deliberately indifferent by finding in favor of Plaintiff on his Eighth Amendment claim, the jury's decision not to award punitive damages was not necessarily dependant on the jury concluding that Defendant was not recklessly indifferent.[4] This is because the jury verdict form in this case read plainly: "We assess punitive damages against the Defendant in the following amount."  (Dkt. No. 108.)  The jury left the lines following this prompt blank, which only conclusively establishes that the jury chose not to assess punitive damages.  (*Id.*)  In light of the jury instructions,[5] which made clear that the jury was not obligated to award punitive damages even if the reckless indifference standard

---

[4]The jury instructions in this case used "recklessly or callously indifferent to Plaintiff's rights" as opposed to those in *Bell* which used "act wantonly or oppressively . . . to violate the Plaintiff's right . . . ."

[5]The pertinent jury instruction read as follows:

> If you find in favor of Plaintiff and against Defendant and **if you find the conduct of that Defendant as submitted in the Instructions was recklessly and callously indifferent to Plaintiff's rights** then, in addition to any other damages to which you find the plaintiff is entitled, **you may, but are not required to,** award Plaintiff an additional amount as punitive damages if you find it is appropriate to punish Defendant or deter Defendant and others from like conduct in the future. **Whether to award Plaintiff punitive damages and the amount of those damages are within your sound discretion.**

W.D. Mich. Civ. Jury Instructions 3.04D (emphasis added).

6

was met, the jury's decision not to assess punitive damages cannot be interpreted as equivalent to a finding that Defendant was *not* recklessly indifferent to Plaintiff's rights.

Thus, because the jury could reasonably have reached a verdict in favor of Plaintiff on the Eighth Amendment claim while also choosing, in its discretion, not to award punitive damages for that violation of Plaintiff's rights, Plaintiff is not entitled to a new trial on damages. *See Walker*, 257 F.3d at 674.

### 3. Prior Sexual Abuse as a Qualifying Physical injury

Last, Plaintiff argues that, because Defendant was found to have retaliated against him for complaining that RUS Cashman sexually abused him, he has proven sexual abuse which qualifies as a physical injury allowing him to recover for emotional and mental injuries under the PLRA. While the Court agrees with Plaintiff's contention that sexual assault is a physical injury, it does not agree with his conclusion. Even if Plaintiff had proved that he was sexually assaulted, there is no Sixth Circuit authority for the proposition that sexual assault or another physical injury directly caused by a non-party and occurring prior to retaliation by a defendant is a requisite physical injury for avoiding PLRA's bar on damages for emotional injuries.

Nor do the cases Plaintiff provides support such a proposition. A few of the cases make findings that sexual assaults are physical injuries. *Liner v. Goord*, 196 F.3d 132, 135 (2d Cir. 1999); *Nunn v. Mich. Dep't of Corr.*, No. 96–CV–71416, 1997 WL 33559323, at *4 (E.D. Mich. Feb. 4, 1997). Another case, despite noting that the plaintiff alleged physical

pain as the result of involuntary masturbation, did *not* conclude that such physical injury was sufficient for the plaintiff to recover physical and emotional damages for his retaliation claim. *Boxer X v. Harris*, No. 603CV147, 2007 WL 1731436, at *2 (S.D. Ga. June 4, 1997). Instead, the court concluded that Plaintiff's case could proceed because he "may be said to be seeking nominal, in addition to punitive damages, for the violation of his constitutional rights." *Id.* Two other cases cited by Plaintiff support a finding that deliberate indifference to a risk of sexual assault (or physical assault) of the plaintiff, which then occurs, allows for the recovery of emotional damages. *Kemner v. Kemphill*, 199 F.Supp.2d 1264, 1270 (N.D. Fla. 2002); *Phillips v. Steinbeck*, No. 06–cv–02569–WDM–KLM, 2008 WL 821789, at *21 (D. Colo. Mar. 26, 2008).

The only case that is on point – i.e., the only case that allowed the recovery of emotional and physical damages for retaliation that came subsequent to sexual abuse – is *Noguera v. Hasty*, No. 99 CIV. 8786 KMWAJP, 2001 WL 243535, at *5 (S.D.N.Y. Mar. 12, 2001), but even that case is distinguishable because the sexual abuse and subsequent retaliation were perpetrated by the *same* party: "The Court has found no decisions, however, "considering the situation in which *a perpetrator of physical abuse caused further mental and emotional damages* by retaliating against his victim for exposing the physical abuse. In this situation, the Court concludes that the alleged abuser's acts should be considered together and that the physical abuse alleged satisfies the 'prior physical abuse' requirement." *Id.* (emphasis added).

At most, these cases cited by Plaintiff illustrate that the point at which a physical injury is considered sufficiently connected to a constitutional claim for purposes of recovering emotional damages under the PLRA is hazy and somewhat malleable. But whatever that point is, the Court finds that the connection between Cushman's alleged sexual abuse of Plaintiff and Defendant's subsequent transfer of Plaintiff to a higher security facility in retaliation for complaining about that abuse is too tenuous and too remote to have reached it.

Consequently, the Court's failure to instruct the jury that emotional damages could be awarded on the retaliation claim because of the alleged prior sexual abuse of Plaintiff was not in error and does not warrant a new trial. Plaintiff's motion for a new trial will accordingly be denied in its entirety.

**B. Bill of Costs**

Plaintiff has also filed a motion for costs. A prevailing party is entitled to recover his costs. Fed. R. Civ. P. 54(d)(1). Additionally, in an action to enforce provisions of § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fees as part of the costs . . . ." 42 U.S.C. § 1988. "[T]he 'reasonable attorney's fee' provided for by statute should compensate the work of paralegals, as well as that of attorneys." *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). However, "a pro se litigant who is not a lawyer is not entitled to attorney's fees." *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

While Plaintiff recognizes that he is not entitled to attorney's fees pursuant to *Kay*,

he argues that *Kay*'s reasoning, particularly its emphasis that the assistance of *an independent third party* is the key to warranting attorney's fees, supports a finding that he is nonetheless entitled to paralegal fees. However, while the Court is sympathetic to Plaintiff's argument, it does not agree with his interpretation of *Kay*. While *Kay* stressed the importance of an independent third party, it specified the importance of that third party being an attorney: "the overriding statutory concern is the interest in obtaining independent *counsel* for victims of civil rights violations." *Kay*, 499 U.S. at 437 (emphasis added). Similarly, while *Jenkins* opened up "reasonable attorney's fee" to include work performed by a paralegal it did so specifically because paralegal work was part of "the work product of an attorney." *Jenkins*, 491 U.S. at 285 ("[T]he term must refer to a reasonable fee for the work product of an attorney."). Thus, a litigant who does not have an attorney may not recover for paralegal costs.

The Court appreciates the role that jailhouse lawyers play in American jurisprudence. *See, e.g.*, *Rhodes v. Robinson*, 612 F.2d 766, 769 (3d Cir. 1979) ("We can take notice of the fact that many prisoners are unable to prepare legal materials and file suits without assistance.") The Court also assumes that the paralegals/jailhouse lawyers whom Plaintiff relied on provided invaluable assistance. Nevertheless, § 1988 authorizes *attorney* fees and Plaintiff did not have the assistance of an attorney.

As for the regular costs Plaintiff seeks to recover (his filing fee, postage and copying expenses), the Court, in its discretion, finds them to be reasonable. (*See* Dkt. No. 112,

Attach. 1.)  Thus, the Court will award Plaintiff $492.68 in costs.

An order consistent with this opinion will be entered.


Date:  June 21, 2013                              /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE